The Wisconsin River Lumber Company vs. Plumer.

*May 29 — June 23, 1880.*

REVERSAL OF JUDGMENT, *for failure to dispose of issue raised by counterclaim.*

1. Where the cause was tried by the court alone upon complaint, answer with counterclaim, and reply to the latter, and the findings are merely, in substance, that the averments of the *complaint* are true, ignoring the issue upon the counterclaim, and there is no bill of exceptions containing the evidence, and the judgment shows affirmatively that it is based upon the findings, it must be reversed because these do not dispose of all the issues; and this though the record of the proceedings *subsequent to the judgment* shows that defendant did not appear at the trial.
2. In such a case the court should dismiss the counterclaim without prejudice, or render judgment upon it in the nature of a nonsuit, in such form as to save the right of action.
3. Whether the present judgment, if permitted to stand, could be pleaded in bar of another action by the defendant for the cause stated in the counterclaim, not determined.

APPEAL from the Circuit Court for *Portage* County.

This action is to recover $2,800 and interest thereon, being the amount of an assessment on the capital stock of the

plaintiff, which stock, the complaint alleges, was subscribed for and is owned and held by the defendant. It is also alleged that the plaintiff is a duly organized corporation. The answer denies the corporate character of the plaintiff, and contains a counterclaim for $2,500, alleged to have been theretofore paid by the defendant for the plaintiff, at its request. The plaintiff replied, denying the counterclaim. A jury was waived, and the cause was tried by the court.

The court found, in substance, that the averments of the complaint are true, and gave judgment for the amount claimed therein. No finding was made in respect to the counterclaim.

Defendant appealed from the judgment.

For the appellant there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

The cause was submitted for the respondent on the brief of *Geo. W. Cate.*

LYON, J. The learned circuit judge, in his findings of fact, entirely ignored the issue made by the counterclaim and reply. This was error. The record contains no bill of exceptions, and the regularity of the judgment can only be determined by the pleadings and findings of fact. The judgment recites that the cause was tried upon the complaint, answer and reply, and shows affirmatively that it is based upon the findings of fact. Clearly, in such a case, the findings should dispose of all material issues made by the pleadings, or the judgment is erroneous.

The record shows that the defendant did not appear when the cause was tried. This fact appears by the proceedings in the action subsequent to judgment, but not in the judgment itself or in the findings. As a matter of course, no proof was given in support of the counterclaim. The court should have dismissed the counterclaim without prejudice to another action for the same cause, or should have rendered a judgment upon it in the nature of a nonsuit in such form as would have saved the right of action. As the record now stands, it is quite prob-

able that this judgment might be successfully pleaded in bar of another action for the cause stated in the counterclaim. This question has not been argued, and we prefer not to determine it definitely on this appeal. The fact that the findings do not dispose of all the issues is sufficient, in the absence of a bill of exceptions containing the evidence, to work a reversal of the judgment.

Some of the members of the court think the complaint defective because it does not allege affirmatively that the defendant is indebted to the plaintiff on his stock subscription. We leave the question undetermined, but suggest to counsel whether the complaint should not be amended in that particular.

*By the Court.* —Judgment reversed, and cause remanded for a new trial.